# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>WILLIAM PAUL MAKA,<br><br>            Defendant. | CRIMINAL CASE NO. CM0042-20<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant William Paul Maka's ("Defendant") Motion to Dismiss Based on De Minimis Statute ("Moton to Dismiss"), filed April 25, 2025. Defendant is represented by Assistant Public Defender Jocelyn M. Roden. The People of Guam ("the Government") are represented by Assistant Attorney General Dante CH Harootunian. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with one count of Family Violence (As a Misdemeanor) and one count of Assault (As a Misdemeanor). (Magistrate's Compl., Jan. 23, 2020). These charges stem from allegations that Defendant was yelling, throwing pots and pans, and when his uncle, Andrew H. Pangelinan, walked away to avoid argument, Defendant struck his face causing his nose to bleed. (Decl. of Brendlynn O. Joseph, Magistrate's Compl., Jan. 23, 2020). Officers responding

*People v. Maka*
Case No. CM0042-20
Decision and Order

to the scene observed swelling, redness, and a bump on the left side of Mr. Pangelinan's face, as well as redness to the area around his nose with suspected dried blood on the nostril area. *Id.*

On August 6, 2021, Defendant filed a Motion for Civil Compromise. The Court denied the Motion, finding that "civil compromise of family violence matters does not present 'circumstances such that through private settlement the public is fully vindicated.'" (Dec. & Order at 3, Oct. 15, 2021). The case did not proceed to trial, however, as Defendant became the subject of two Bench Warrants. *See* Bench Warrant, Dec. 7, 2021 (ROW Service 09/21/2022) & Bench Warrant, Feb. 13, 2023 (ROW Service 04/14/2025).

Jury Selection and Trial is currently set for August 13, 2025. *See* Second Am. Criminal Trial Scheduling Order, Apr. 22, 2025.

On April 24, 2025, Defendant filed the instant Motion. On May 7, 2025, the Government filed its Opposition. No Reply was filed. The Court subsequently placed the matter under advisement on the briefs. *See* CR1.1 Form 3, May 19, 2025.

## DISCUSSION

Under Guam law:

> The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:
>
> > (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;
> >
> > (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or
> >
> > (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this Subsection without filing a written statement of its reasons.

9 G.C.A. § 7.67. Section 7.67 "directs the trial court to dismiss a prosecution if it finds that the defendant's conduct falls within *at least one* of three distinct circumstances." *People v. Perez,*

2004 Guam 4 ¶ 9 (emphasis in original). The "statute recognizes that it would be unrealistic to believe that judges never enter a finding of not guilty even though guilt is proven where a conviction is considered to be inappropriate, and therefore authorizes the trial court to mitigate the general provisions of the criminal law to prevent absurd applications." *Id.* at ¶ 10 (quoting 9 G.C.A. § 7.67 commentary). Defendant argues that this matter should be dismissed pursuant to 9 G.C.A. § 7.67(b). *See generally,* Mot. Dismiss.

Section 7.67 is modeled after Model Penal Code § 2.12, which has been adopted by New Jersey, Maine, Hawaii, and Pennsylvania. *Id.* at ¶ 11; fn. 3. In *People v. Perez*, the Supreme Court of Guam looked to case law from New Jersey for guidance in evaluating a motion to dismiss pursuant to 9 G.C.A. § 7.67, citing *State v. Zarrilli*, 523 A.2d 284 (N.J. Super. Ct. Law Div. 1987), *aff'd*, 532 A.2d 1131 (N.J. Super. Ct. App. Div. 1987). *Id.* at ¶ 11. The *Zarrilli* court stated that "[t]he one question to be asked and answered in response to a de minimis motion is . . . What is the risk of harm to which society is exposed by defendant's conduct?" The *Zarrilli* court then set forth five factors relevant in evaluating this question: (1) the circumstances surrounding the commission of the offense; (2) the existence of contraband; (3) the amount and value of property involved; (4) the use or threat of violence; and (5) the use of weapons. *Zarrilli,* 523 A.2d at 288.

For purposes of this motion, the Court assumes as true all the factual allegations against Defendant. *See Perez*, 2004 Guam 4 ¶ 16 (quoting *Zarrilli*, 523 A.2d at 286) ("it must be assumed that the conduct charged actually occurred' because '[t]he motion does not provide a setting for a determination of guilt or innocence.'"). The Declaration attached to the Magistrate's Complaint sets forth the following:

> On or about January 21, 2020 at or about 6:15 p.m., GPD Officers responded to a complaint at residence in Dededo. Arrival at that location, Officer Oliva met with **Andrew Hansek Pangelinan (Victim, "Mr. Pangelinan"),** who reported that earlier at or about 5:35 p.m., same date at his residence, his nephew **WILLIAM PAUL MAKA ("Defendant")** started yelling and throwing pots and pans. Mr. Pangelinan explained that he walked away avoiding argument and the Defendant struck his face and his nose causing nosebleed.

Officer Oliva conducted injury check of Mr. Pangelinan and noted swelling, redness, and bump on the left side of his face and redness to his nose area with dry suspected blood on the nostril area.

The Defendant stated that he did assault his uncle.

(Decl. of Brendlynn O. Joseph, Magistrate's Compl., Jan. 23, 2020). Although there is no allegation of the existence of contraband during this incident or the use of weapons and there is no allegation of property damage, the Court is concerned about the use or threat of violence: Defendant allegedly struck the victim's face and nose causing swelling, redness and a bump to the side of the victim's face and a nosebleed. The fact that the victim did not want medical treatment after the incident is not dispositive on its own. As the Government sets forth in its Opposition, "the punches did draw blood and any closed fist blow to the head creates some inherent risk of serious injury." (Opp'n at 3). These facts set forth what the law seeks to be prevented – bodily injury to a family or household member. Defendant indicates that both he and the alleged victim gave conflicting statements (each claiming the other struck him) and that because it is unclear who the initial aggressor was, there is no harm to which society may be exposed. (Mot. Dismiss at 3). The Court notes, however, that the facts set forth in the Magistrate's Complaint only include the statement that "the Defendant stated that he did assault his uncle." (Decl. of Brendlynn O. Joseph, Magistrate's Compl., Jan. 23, 2020). The Court finds that any dispute about who was the initial aggressor and what Defendant was intending when he started throwing pots and pans[1] should be for the trier of fact to determine. Therefore, upon review of the *Zarrilli* factors, the Court finds dismissal pursuant to 9 G.C.A. § 7.67(b) inappropriate and denies Defendant's Motion to Dismiss.

//

//

//

//

___

[1] In his Motion, Defendant sets forth that "both Defendant and alleged victim were drinking beer when Defendant started throwing pots and pans – not at alleged victim, but due to some food being stolen. Both were interviewed and gave conflicting statements – each claiming that the other struck him." (Mot. Dismiss at 3).

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion to Dismiss Based on De Minimis Statute. Parties shall return for a Status Hearing on June 9, 2025 at 10:00 a.m.

**IT IS SO ORDERED** this 23rd day of May, 2025.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam